PLATT *vs.* GRIFFITH and others.

1. A mortgage executed, *bona fide*, to secure the payment of advances to be used in the construction of a building on the mortgaged premises, is a prior lien to claims for materials furnished in the construction of such building, with notice of the mortgage, to the full amount of the mortgage, if so much was advanced. That the agreement, under which the advances were made, was verbal, and not in writing, does not affect the lien.

2. Nor does the claim of inchoate right of dower in the lands mortgaged, on the ground of the alleged minority of the mortgagor's wife when the mortgage was executed, set up in her answer, affect the lien; her answer having been filed after the bill had been taken as confessed, without consent or leave of the court.

Bill to foreclose. On final hearing on pleadings and proofs.

*Mr. W. J. Magie,* for complainant.

*Mr. W. P. Wilson,* for Jonas E. Wuchter, lien claimant.

THE CHANCELLOR.

The only questions presented on the hearing were, whether the complainant's mortgage is entitled to priority over the claims of the mechanics' lien claimants, and whether it is valid as against the claim of inchoate right of dower set up by the wife of the mortgagor in her answer. No question is made as to the legality or validity of the lien claims, but the question of priority alone is raised. The complainant's mortgage was given by William J. Griffith and wife to William F. Van Deventer, by whom it was assigned to Jacob S. Young, who assigned it to the complainant. It was given to secure the payment of $3500 in one year from its date, April 1st, 1872, with interest. It was recorded before the building was commenced, but the money which it was intended to secure was not advanced before the commencement of the building. Part of it ($1250) was advanced and applied pursuant to an agreement made between the mortgagor and Van Deventer,

at the time of the execution of the mortgage, towards the satisfaction of two mortgages given to Laura D. Hopping, which were upon the mortgaged premises, with other land, when the mortgagor purchased the property, but, at the time of the execution of the complainant's mortgage, they were only on the lot covered by his mortgage and the adjoining lot. Those lots were of equal value. On the principle of subrogation the complainant would be entitled to priority over the lien claims to the extent of the amount paid on those mortgages, which was the just share which the lot covered by his mortgage ought to have borne. He is, however, entitled to priority over them under his mortgage, not only as to that money, but as to the rest of the amount intended to be secured thereby. When the building was begun, his mortgage was on record, and was notice to those who should furnish materials or labor for the building, that the land was pledged by the mortgage for the amount declared to be secured by it, $3500 and interest thereon. And the rest of the money over and above the $1250 paid on account of the Hopping mortgages was, in fact, advanced pursuant to a verbal agreement made between Van Deventer and Griffith, when the mortgage was executed, to pay it for or on account of the construction of the house. It is testified that the land without the building was not good security for even $2000. The money was advanced, according to the agreement, in installments, as the work on the building progressed, and was used in the construction of the building. There appears to be no good reason why the complainant should not have the benefit of his mortgage. *Moroney's Appeal*, 24 *Penn.* 372; *Taylor* v. *La Bar*, 10 *C. E. Green* 222; *Macintosh* v. *Thurston*, *Id.* 242. Though in each of the cases just cited there was a written agreement on the part of the mortgagee, binding him to furnish the money as security for which the mortgage was given, while, in this case, the agreement was merely verbal, that circumstance will not affect the result. The conclusion flows from the fact that the lien claimants had notice, before giving credit on the security of the land, of the existence of the complainant's

mortgage, and of the amount for which it was to be security; and in such case, where the mortgage is executed, *bona fide*, to secure the payment of advances to be used in constructing the building, there appears to be no reason why the mortgagee should not have priority as against lien claimants with notice, to the extent of his advances *bona fide* made according to his agreement, up to the amount for which the mortgage is, according to its terms, intended to be security. The claim of the wife of the mortgagor in respect to her inchoate right of dower cannot be allowed. She alleges that she was a minor when she signed the mortgage. The bill was duly taken as confessed as against her, and, although she afterwards filed her answer, it was neither filed by consent nor by leave of the court.